IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHNNY RAY JOHNSON, # 483120, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | 3:11-CV-2791-D (BK) |
| § | | |
| CRAIG WATKINS, District Attorney, et al., § | | |
| Defendants. § | | Referred to U.S. Magistrate Judge |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was automatically referred to the United States Magistrate Judge for screening. For the reasons that follow, it is recommended that this case be dismissed with prejudice as frivolous.

I. BACKGROUND

Plaintiff, a Texas state inmate incarcerated within the Texas Department of Criminal Justice (TDCJ), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, against Dallas County District Attorney Craig Watkins, Dallas County District Clerk Gary Fitzsimmons, and Judge Robert Burns.[1] The Court granted his motion to proceed *in forma pauperis*, but did not

---

[1] In 1988, Plaintiff was convicted of burglary of a habitation and was sentenced to life imprisonment. *State v. Johnson*, No. F88-92579 (Criminal District Court No. 1, Dallas County 1988), *aff'd*, No. 05-88-0099-CR (Tex. App. – Dallas, Apr. 5, 1989). On the same day, he was convicted for several counts of sexual assault, robbery, and kidnaping and sentenced to fifteen years' imprisonment. *See* Offender Information Details available on the TDCJ's website. Plaintiff unsuccessfully challenged his burglary conviction in state and federal habeas proceedings. *See Johnson v. Johnson*, 3:01-CV-0483-H (N.D. Tex. Jun. 25, 2001) (dismissing federal petition under 28 U.S.C. § 2254 as barred by statute of limitations); *Johnson v. Dretke*, 3:02-CV-1557-P (N.D. Tex. May 23, 2004) (transferring successive section 2254 petition to the United States Court of Appeals); *Johnson v. Thaler*, 3:10-CV-0147-M (N.D. Tex. Jul. 26, 2010) (same); *In re Johnson*, No. 10-10758 (5th Cir. Nov. 4, 2010) (denying motion for authorization

issue process pending preliminary screening. The Court then issued a questionnaire, to obtain information about the factual basis of the complaint.

In his complaint, Plaintiff alleges Defendants denied him access to the courts by failing to file (1) requests for DNA testing under Texas Code of Criminal Procedure Art. 64.01, and (2) state habeas applications presenting newly discovered evidence, under Texas Code of Criminal Procedure Art. 11.07 (Art. 11.07 writs). (Doc. 2 at 4-5.) Plaintiff explains that on February 14, 2011, he mailed the first Art. 11.07 writ presenting newly-discovered evidence. *Id.* Having not heard from the clerk or the court, Plaintiff re-mailed the writ on July 7, 2011. *Id.* Plaintiff alleges that the District Attorney permits his employees "to get away [with] conspiracy against [plaintiff]," and that the Judge and the Clerk failed to file his writs, denying him access to the courts. *Id.* at 3.

In answer to the questionnaire, Plaintiff states that he submitted two requests for appointment of counsel under Art. 64.01, the first on January 10, 2011, and the second on October 21, 2011. (Doc. 7, ans. 2-3, 11.) He also claims, for the first time, that Watkins and Fitzsimmons's failure to "write[] the Petitioner back in thirty days to let him know that he received his writs or answer" amounts to a conspiracy against him. *Id.*, ans. 3. In addition, he asserts all three Defendants have refused to file his motion for DNA testing. *Id.*, ans. 12. Plaintiff requests monetary relief and to have his case "remove[d] to another Judge [sic]

---

to file successive section 2254 application); *Ex parte Johnson*, WR-4,587-12 (Tex. Crim. App. Jun. 23, 2010) (dismissing successive state habeas application, challenging burglary conviction, for abuse of the writ). Presently pending before the Texas Court of Criminal Appeals is Plaintiff's seventh state habeas application, case number W88-92579-G, raising parole denial claims. *See Ex parte Johnson*, WR-4,587-13.

courtroom[,] out Judge Robert Burns Court room." *Id.*, ans. 15.[2]

## II. DISCUSSION

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(b). That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, the complaint should be dismissed as frivolous.

### A.  Denial of Access to the Courts

Plaintiff brings this action against District Attorney Watkins, District Clerk Fitzsimmons, and Judge Burns for refusing to file Art. 11.07 writs, presenting newly discovered evidence, and motions requesting appointment of counsel under Art. 64.01. He alleges that Defendants' actions amount to denial of access to the court. Plaintiff's factual allegations, however, do not support a constitutional violation under 42 U.S.C. § 1983. *See West v. Atkins*, 487 U.S. 42, 48

---

[2] Effective September 1, 2011, the Texas Legislature amended Article 64.01(b) to provide for forensic DNA testing of "evidence containing biological material" that (1) "was not previously subjected to DNA testing; or (2) although previously subjected to DNA testing, can be subjected to testing with newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test."

(1988) (to state civil rights claim cognizable under section 1983, plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by one acting under color of state or federal law).

Plaintiff has not and cannot state any actual injury as a result of the alleged denial of access to the courts stemming from the delay in processing his motions and writs. *See Lewis v. Casey*, 518 U.S. 343, 351-53 (1996) (inmate may recover for denial of constitutional right to access courts only if he can demonstrate that he suffered actual injury as a result of alleged denial). His October 2011 request for appointment of counsel under Art. 64.01 was filed, *albeit* late, and counsel was appointed on February 6, 2012. *See* Attachment I. While Petitioner's January 2011 letter to Criminal District No. 1 (indicating that he "wish[ed] to make a motion under Article 64.01") was also filed in Case No. F88-92579, no action was needed because it was only correspondence. Likewise, the Art. 11.07 writs presenting newly discovered evidence were filed in Petitioner's last writ application, Case No. W88-92579-G. However, because they were docketed as supplemental writs, they were not timely served on the District Attorney and remained unaddressed until recently. The on-line docket sheet reflects that on February 1, 2012, the District Attorney filed a response to the supplemental writs, and that on February 2, 2012, the Clerk mailed the supplemental record to the Texas Court of Criminal Appeals to be considered with WR-4,587-13. *See Ex parte Johnson*, W88-92579-G.

In light of the above, Plaintiff cannot show that Defendants interfered in any way with

his ability to pursue a legal claim. *See Lewis*, 518 U.S. at 354. Moreover, contrary to Plaintiff's assertion, the right of access to the court does not entitle litigants to a response from the judge or the clerk of the court every time a pleading or letter is filed. Accordingly, Plaintiff's claims for denial of access to the Court lack an arguable basis in law and should be dismissed with prejudice as frivolous.

**B.     Conspiracy**

Plaintiff's conspiracy allegations, raised for the first time in answer to the questionnaire, are conclusory at best and should be dismissed with prejudice as frivolous. Plaintiff fails to plead the operative facts on which his claim is based. A claim for civil conspiracy requires allegations of facts sufficient to show that there was an agreement between the defendants to inflict a wrong or injury upon the plaintiff and an overt act that results in damages. *Crowe v. Lucas*, 595 F.2d 985, 993 (5th Cir. 1979). Here, Plaintiff's pleadings are totally devoid of any allegation of facts which would permit an inference that the Defendant conspired in any way to deprive Plaintiff of his constitutional rights. *See Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). "'Mere conclusory allegations of conspiracy cannot, absent reference to material facts,' state a substantial claim of federal conspiracy under 42 U.S.C. § 1983." *Id.* (quoting *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982)).

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** with prejudice as frivolous.  See 28 U.S.C. § 1915(e)(2)(B).

SIGNED February 8, 2012.

```
_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE
```

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).

```
_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE
```

**ATTACHMENT   I**

## Cause No. F88-92579-H

| THE STATE OF TEXAS | § | IN THE CRIMINAL |
| VS. | § | DISTRICT COURT |
| JOHNNY JOHNSON | § | DALLAS COUNTY, TEXAS |

### ORDER APPOINTING COUNSEL UNDER CHAPTER 64.01

The Defendant in the above numbered and styled cause has informed the Court that he wishes to submit a motion for post-conviction DNA testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure. The Defendant has also requested the appointment of counsel. Having determined that reasonable grounds exist for this motion to be filed and that Defendant is indigent, the Court hereby appoints Julie Doucet, Dallas County Public Defender's Office, 133 N. Riverfront Blvd., L.B.2, 9th Floor, Dallas, Texas, 75207, as counsel to represent the Defendant.

It is therefore ORDERED that Defendant's request for appointment of counsel is GRANTED.

Signed this 6th day of February, 2012.

_____
Judge Presiding